# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY JACKSON,**

    **Plaintiff,**

  v.                                                                                  Case No. 19-cv-1759

**MELISSA ANDERSON,**

    **Defendant.**

## ORDER

Tony Jackson is a Wisconsin state inmate and is representing himself. When he filed a lawsuit under 42 U.S.C. § 1983, he also filed a motion to proceed without prepaying the filing fee. (Docket # 2.) In order to proceed without prepaying the filing fee, prisoners are required to pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). I assessed an initial partial filing fee of $11.60 and ordered Jackson to pay it by January 6, 2019. (Docket # 6.) Instead of paying the fee, Jackson submitted a motion stating that he does "not have the money" to pay the fee. (Docket # 7.) He is asking me to waive his initial partial filing fee. Having reviewed Jackson's trust account statement, I find that I cannot waive his initial partial filing fee.

Courts may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he

intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal quotation omitted).

Jackson's trust account shows regular deposits, averaging $57.99 a month. (Docket # 5 at 1.) It shows deductions for child support as well as withholdings for his release account and a victim/witness surcharge. (*Id.* at 1–2.) And it also shows regular canteen purchases, ranging from $12 to over $40. (*Id.*) I note there are returns to the canteen, but the amounts pale in comparison to how much he spent (returns range from $0.74 to $4.70). (*Id.*) The Court of Appeals for the Seventh Circuit has instructed, "It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Jackson chose to spend a significant amount of his funds on canteen items so while he may now be without assets (because he spent his money), he has not always been without means (because he has regular deposits and an average balance of over $48). Waiving Jackson's initial partial filing fee would be improper under the standard. Jackson therefore has two options: (1) he can voluntarily dismiss this lawsuit and refile it at a later time (subject to the relevant statute of limitations) or (2) he can pay the $11.60 initial partial filing fee. If Jackson wishes to continue with this lawsuit, he must pay the initial partial filing fee by **March 6, 2020** or I will dismiss his case without prejudice. **THEREFORE, IT IS HEREBY ORDERED** that Jackson's motion to waive the initial partial filing fee

2

(Docket # 7) is **DENIED**. Jackson has until **March 6, 2020** to pay the $11.60 initial partial filing fee. If he fails to do so, I will dismiss his case.

Dated at Milwaukee, Wisconsin this 7th day of February, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge